IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Michael A. Hough, | ) | C/A No. 8:16-cv-00259-RMG-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 12.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on January 22, 2016.[1] [Doc. 1.] On April 11, 2016, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 11, 12.] On April 12, 2016, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 13.] Petitioner's response in opposition was entered on the docket on May 2, 2016. [Doc. 15.]

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on January 22, 2016. [Doc. 1-3 (envelope stamped as received by prison mailroom on January 22, 2016).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at McCormick Correctional Institution pursuant to orders of commitment of the Kershaw County Clerk of Court.  [Doc. 1 at 1.]  In October 2008, Petitioner was indicted on one count of murder.  [App. 177–78.[2]]  On June 22, 2009, represented by Cornelius J. Riley and Jason D. Kirincich, Petitioner proceeded to a trial by jury.  [App. 1–85.]  On the second day of trial and before the jury was sworn, the trial court granted a motion for a continuance.  [App. 44–73.]  On July 28, 2009, Petitioner waived his right to a jury trial and pled guilty to the lesser included offense of voluntary manslaughter.  [App. 86–107.]  Petitioner was sentenced to twenty-three years imprisonment.  [App. 106.]  No direct appeal was filed.

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on November 20, 2009.  [App. 108–16.]  Petitioner alleged he was being held in custody unlawfully based on the following ground:

> (a)    Ineffective assistance of counsel

[App. 110.]  In support of his ground, Petitioner alleged the following facts:

> (a)    Court appointed counsel was ineffective by coercing Applicant into a plea

[App. 115.]  The State filed a return, dated March 19, 2010.  [App. 117–21.]

---

[2]The Appendix can be found at Docket Entry Number 11-1.

A hearing was held on June 7, 2011, and Petitioner was represented at the hearing by Jeremy A. Thompson. [App. 122–64.] On July 22, 2011, the PCR court filed an order granting the PCR application.[3] [App. 167–175.] The State timely filed and served a notice of appeal. [Doc. 11-2.]

The State filed a petition for writ of certiorari, dated September 26, 2011, in the Supreme Court of South Carolina. [Doc. 11-3.] The petition asserted the following as the issues presented:

> Whether counsel's advice was correct that involuntary manslaughter did not apply considering the factual scenario relayed to him by his client?
>
> Whether counsel's advice was correct that involuntary manslaughter did not apply considering the new version of events as told at the PCR hearing?

[*Id.* at 3.] Petitioner, represented by Robert M. Dudek ("Dudek") of the South Carolina Commission on Indigent Defense, filed a return, dated March 8, 2012. [Doc. 11-4.] The Supreme Court of South Carolina transferred the case to the South Carolina Court of Appeals [Doc. 11-5], which granted the petition [Doc. 11-6].

The State filed its brief, raising the same issues [Doc. 11-7], and Dudek filed a brief on Petitioner's behalf [Doc. 11-8]. On February 11, 2015, the South Carolina Court of Appeals reversed the PCR court's grant of PCR. [Supp. App. 1–3.[4]] Petitioner filed a petition for rehearing [Supp. App. 4–11], which the South Carolina Court of Appeals denied on March 19, 2015 [Supp. App. 12].

---

[3]The PCR court's order stated Petitioner was bringing the following claims: ineffective assistance of counsel and involuntary guilty plea. [App. 168.]

[4]The Supplemental Appendix can be found at Docket Entry Number 11-9.

Petitioner, represented by Dudek and Lara M. Caudy, filed a petition for writ of certiorari, dated June 1, 2015, in the Supreme Court of South Carolina. [Doc. 11-10.] The petition asserted the following as the issues presented:

> Whether the Court of Appeals erred by finding there was no evidence to support the PCR court's finding that plea counsel was ineffective for failing to advise Petitioner he could receive an involuntary manslaughter jury instruction where there was evidence the decedent grabbed the gun from Petitioner and the two struggled over it before the firearm accidentally discharged?

> Whether the Court of Appeals erred by finding there was no evidence to support the PCR court's finding that plea counsel was ineffective for advising Petitioner he simply was not entitled to an involuntary manslaughter instruction if he went to trial given his version of what occurred in this case?

[*Id.* at 4.] The State filed a return, dated July 21, 2015. [Doc. 11-11.] The Supreme Court of South Carolina denied the petition on November 19, 2015 [Doc. 11-12] and remitted the matter to the lower court on November 24, 2015 [Doc. 11-13].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on January 22, 2016. [Doc. 1.] Petitioner raises the following ground for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

**GROUND ONE:**     Ineffective Assistance of Counsel

*Supporting facts*:     There was error and coercion that led to his plea because of defense counsel's failure to advise to advise him that evidence of a struggle between a defendant and a victim over a weapon is sufficient for submission of an involuntary manslaughter instruction to the jury.

**GROUND TWO:**     An Involuntary Plea

*Supporting facts*:     The Petitioner's plea was not knowingly and intelligently entered into in violation to the Sixth and Fourteenth Amendment to the United States Constitution as well as Artic[l]e (1) Section (14) of the South Carolina Constitution were violated prior to and during the plea.

[Doc. 1 at 5–7.]  As stated, on April 11, 2016, Respondent filed a motion for summary judgment.  [Doc. 12.]  On May 2, 2016, Petitioner filed a response in opposition.  [Doc. 16.] Accordingly, the motion for summary judgment is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).   Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101–02(2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has

appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (I) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest

court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[5]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the Supreme Court of South Carolina through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts

have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing

12

*Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

**DISCUSSION**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two

13

different avenues for relief.  *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning.").  The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see also Richter*, 562 U.S. at 102 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners.  *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

**Ground One**

In Ground One, Petitioner asserts trial counsel was ineffective in failing to advise Petitioner that evidence of a struggle between a defendant and a victim over a weapon is sufficient for submission of an involuntary manslaughter instruction to the jury. [Doc. 1 at 5.] When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland*—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[6] *Richter*, 562 U.S. at 101. "A

---

[6]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In the specific context of a guilty plea, to satisfy the prejudice prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Supreme Court further explained,

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will

state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, Respondent first argues that this ground turns on an issue of state law, which is not properly reviewable on a federal habeas petition. [Doc. 11 at 17–18.] More specifically, Respondent contends that the South Carolina Court of Appeals determined that Petitioner would not have been entitled to an involuntary manslaughter jury instruction, and a state court determination on a purely state law issue is not reviewable in federal habeas actions. [*Id.* (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the

---

depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. . . . As we explained in *Strickland v. Washington*, *supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker." *Id.*, 466 U.S., at 695, 104 S.Ct., at 2068.

*Hill*, 474 U.S. at 59–60.

province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")).  Petitioner, however, has framed his claim as one of ineffective assistance of counsel rather than a direct challenge to a determination of a state law issue; though, in this case, the former necessarily implicates the latter.  When the constitutional right at issue concerns the possible ineffective assistance of counsel, the Court "may consider state issues that counsel did not pursue in light of *Strickland*'s requirements."  *Salyer v. Sternes*, 34 F. App'x 238, 240 (7th Cir. 2002).   As noted above, the PCR court granted PCR, finding

> defense counsel did not advise the Applicant that he could receive a charge of involuntary manslaughter.  The Applicant would have been entitled to a charge on involuntary manslaughter had he proceeded to trial because evidence of a struggle over the weapon meets involuntary manslaughter's requirements.  If, as the Respondent contends, the struggle over the weapon is insufficient to obtain a charge on involuntary manslaughter, then this Court finds that the Applicant's testimony about the sale of the firearm meets involuntary manslaughter's requirements. Defense counsel's testimony that he did not know about the sale of the firearm does not change this Court's findings, since defense counsel's deficient performance directly led to his not being told about the sale of the firearm.  Consequently, defense counsel's performance fell below prevailing professional norms, and the Applicant has met <u>Strickland</u>'s first prong.

[App. 173–74.]  The PCR court further found

> [t]he Applicant was explicitly advised by his attorney that the best result at trial that he could hope for was a guilty verdict for voluntary manslaughter.  The Applicant testified that had he received the proper advice, he would have never pleaded guilty.  This Court finds the Applicant credible on this issue.  Furthermore, in light of the Supreme Court's holding that the "prejudice prong ordinarily requires more than simply a defendant's assertion that but for counsel's deficient

17

> performance he would not have pled but would have gone to
> trial," this Court finds that proper advice about the possible
> results at trial, instead of improper advice which was given,
> would have resulted in this case ending at trial, not at plea.
> Stalk, supra, at 563, 681 S.E.2d at 595. Accordingly, this Court
> finds that the Applicant has met his burden of proof under
> Strickland's second prong. The Applicant is entitled to a new
> trial.

[App. 174.]

The South Carolina Court of Appeals reversed the PCR court's grant. [Supp. App. 1–3.] First, the court recognized that involuntary manslaughter is defined as "the unintentional killing of another without malice while engaged in either (1) the commission of some unlawful act *not amounting to a felony and* not naturally tending to cause death or great bodily harm, or (2) the doing of a lawful act with a reckless disregard for the safety of others." [Supp. App. 2 (citation and internal quotations omitted).] Next, the court recognized that "it is a felony offense for a person who has been convicted of a crime of violence or a violent crime that is classified as a felony offense, to possess or acquire handguns within this state" and "[a]rmed robbery is considered a violent crime and is a felony offense." [Supp. App. 2 (citations omitted).] Finally, the court held

> [t]he PCR court failed to consider [Petitioner's] felonious act
> when it granted PCR. As a result, the PCR court erred as a
> matter of law when it determined [Petitioner's] case met the
> first definition of involuntary manslaughter. Under either
> version of the facts presented to the PCR court, it appears
> [Petitioner] would not have been entitled to the requested
> charge as he was a convicted felon in possession of a pistol.
> Because [Petitioner] has a prior conviction for armed robbery,
> him possessing a pistol, whether to rob the victim or sell him
> the gun, amounted to a felony precluding an involuntary
> manslaughter jury instruction. Accordingly, the PCR court's
> grant of PCR is REVERSED.

[Supp. App. 2–3 (internal footnote and citations omitted).]

18

Petitioner has shown neither that the state court improperly applied clearly established federal law nor based its decision on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Further, it appears to this Court that the state court properly applied its own state law to the facts of this case. With regard to Petitioner's ineffective assistance of counsel claim, implicit in the South Carolina Court of Appeals' finding is that plea counsel could not have been constitutionally ineffective for failing to advise Petitioner that he could receive a charge for involuntary manslaughter. As argued by Respondent, "Petitioner cannot show the Court of Appeals made an unreasonable determination of the facts" nor can Petitioner show "the Court of Appeals unreasonably applied federal law in denying relief upon this claim." [Doc. 11 at 17.] Thus, Petitioner is not entitled to habeas corpus relief based on this ground.

**Ground Two**

In Ground Two, Petitioner asserts his plea was not knowingly and intelligently entered into in violation of the Sixth and Fourteenth Amendments to the United States Constitution as well as Article I, Section 14 of the South Carolina Constitution.[7] [Doc. 1 at

---

[7]Plaintiff's argument that his guilty plea was involuntary in violation of the South Carolina Constitution is not cognizable for federal review. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68.

Additionally, the Court notes Respondent argues this ground was procedurally defaulted in state court. [Doc. 11 at 12–14.] Although Ground Two was raised to the PCR court, it was not ruled upon in the PCR court's order, and Petitioner failed to file a Rule 59(e) motion to preserve the issue for appellate review. *See Marlar*, 653 S.E.2d at 267(citing *Pruitt v. State*, 423 S.E.2d 127, 128 n.2 (S.C.1992)). However, the Court addresses the merits of Ground Two for a number of reasons. First, Petitioner's involuntary guilty plea claim overlaps with his ineffective assistance of counsel claim in that he seems to argue his guilty plea was involuntary because his counsel failed to property advise him regarding jury instructions. Thus, this issue was arguably addressed in the PCR court's order as well as raised to the Supreme Court of South Carolina in Petitioner's petition for

7.]  A guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant," *N.C. v. Alford*, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations, *Brady v. United States*, 397 U.S. 742, 755 (1970) (holding that a defendant's guilty plea must be voluntary to be valid). However, a defendant's statements at the guilty plea hearing are presumed to be true. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).  Unsupported allegations on appeal or in a collateral proceeding are insufficient to overcome representations made during the guilty plea hearing.  *Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981).

To the extent Petitioner argues his guilty plea was involuntary because his counsel was ineffective for not advising him that he could receive an involuntary manslaughter jury instruction if he proceeded to trial, this claim fails because, as discussed above, Petitioner has failed to establish his plea counsel was ineffective.  Further, at the plea hearing, Petitioner affirmed he understood the charge, the possible punishment, and the rights he was giving up, including his right to a jury trial. [App. 88:11–90:1.] Petitioner acknowledged that, understanding these rights, he wished to plead guilty and did not want a jury trial. [App. 90:2–5.]  Petitioner further affirmed no one had promised him anything or threatened him in any manner to get him to plead guilty.  [App. 90:6–9.]  Petitioner's responses through the plea colloquy indicate he understood what he was doing by pleading guilty, and he was

_____

writ of certiorari.  Moreover, to the extent it was not addressed, the procedural posture of this case may establish cause for the procedural default in that Petitioner was granted PCR on his ineffective assistance of counsel claim; therefore, he had no reason to file a Rule 59(e) motion to specifically preserve this issue at that time.  Finally, liberally construing Petitioner's response in opposition to the motion for summary judgment, Petitioner may be asserting that PCR counsel was ineffective for failing to file a Rule 59(e) motion.

knowingly and voluntarily entering a guilty plea.  Thus, Petitioner is not entitled to habeas corpus relief based on this ground.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 19, 2016
Greenville, South Carolina